YEE & KAWASHIMA, LLLP

JARED N. KAWASHIMA        6289
CHRISTIN D. W. KAWADA   10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone:  (808) 524-4501
Facsimile:  (888) 524-0407
E-mail: jared@yklawhawaii.com
E-mail: christin@yklawhawaii.com

Attorneys for Plaintiffs
HAWAII ELECTRICIANS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII ELECTRICIANS ANNUITY FUND, by its Trustees, Ronald Yee, Robert Hanamoto, Jody Hanamoto, Tracy Hayashi, Damien T. K. Kim, Peter Akamu; HAWAII ELECTRICIANS HEALTH AND WELFARE FUND, by its Trustees, Ronald Yee, Jody Hanamoto, Rodney Chun, Tracy Hayashi, Peter Akamu, Damien T. K. Kim; HAWAII ELECTRICIANS PENSION FUND, by its Trustees, Ronald Yee, James Yamada, Jr., Jody Hanamoto, Tracy Hayashi, Peter Akamu, Damien T. K. Kim; HAWAII ELECTRICIANS TRAINING FUND, by its Trustees, Daryl Suehiro, Stephen Duarte, Phillip Lucero, Peter Akamu, Damien T. K. Kim, Tracy Hayashi; HAWAII ELECTRICIANS SUPPLEMENTARY UNEMPLOYMENT BENEFITS | CIVIL NO. 14-00556 LEK-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS RKR ENTERPRISES, INC. dba ELECTRICAL SOLUTIONS AND THE ESTATE OF ROBERT ALLAN SCHICK, DECEASED<br><br>Hearing:<br>Date: April 17, 2017<br>Time: 9:30 a.m.<br>Judge: Honorable Kevin S. C. Chang<br><br>(Caption continued on next page) |

| | |
|---|---|
| FUND, by its Trustees, Robert Hanamoto, Jody Hanamoto, Steve Watanabe, Peter Akamu, Damien T. K. Kim, Dennis Kaloi; HAWAII ELECTRICIANS VACATION AND HOLIDAY FUND, by its Trustees, Robert Hanamoto, Jody Hanamoto, Steve Watanabe, Damien T. K. Kim, Peter Akamu, Tracy Hayashi; HAWAII ELECTRICIANS PREPAID LEGAL FUND, by its Trustees, Jody Hanamoto, Steven Tanaka, Rodney Chun, Tracy Hayashi, Dennis Kaloi, Damien T. K. Kim; HAWAII ELECTRICIANS MARKET ENHANCEMENT PROGRAM FUND, by its Trustees, Daryl Suehiro, Stephen Duarte, Robert Hanamoto, Damien T. K. Kim, Robert Aquino, Brian Lee, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| RKR ENTERPRISES, INC., a Hawaii corporation, dba ELECTRICAL SOLUTIONS; ESTATE OF ROBERT ALLAN SCHICK, DECEASED; KAYLA SCHICK, individually; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

2

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANTS RKR ENTERPRISES, INC. dba ELECTRICAL SOLUTIONS
AND THE ESTATE OF ROBERT ALLAN SCHICK, DECEASED

Before the Court is Plaintiffs' TRUSTEES of the Hawaii Electricians Trust Funds, which include the Annuity Fund, Health and Welfare Fund, Pension Fund, Training Fund, Supplemental Unemployment Benefits Fund, Vacation and Holiday Fund, Prepaid Legal Fund, Market Enhancement Program Fund (hereinafter collectively referred to as "Plaintiffs") Motion for Entry of Partial Default Judgment Against Defendants RKR ENTERPRISES, INC. and ESTATE OF ROBERT ALLAN SCHICK, DECEASED. (Doc. 38.)  Plaintiffs request that partial default judgment be entered pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for delinquent contributions owed to the Trust Funds, liquidated damages, and attorneys' fees and costs. (Doc. 38).

This matter came on for hearing on April 17, 2017.  Appearing on behalf of Plaintiffs Hawaii Electricians Trust Funds was Christin D. W. Kawada. Defendants RKR ENTERPRISES, INC. and ESTATE OF ROBERT ALLAN SCHICK, DECEASED did not make an appearance or otherwise defend against Plaintiff's Motion.  The Court, having taken judicial notice of Defendants' default, and after careful consideration of the Motion, declarations, exhibits, and the record herein, recommends that the Motion be GRANTED.  As detailed below, this Court recommends that judgment enter in Plaintiff's favor in the amount of $83,565.85.

## BACKGROUND

On December 11, 2014, Plaintiffs filed a Complaint seeking judgment for outstanding trust fund contributions and damages against Defendants alleging that Defendant RKR ENTERPRISES dba ELECTRICAL SOLUTIONS. ("Defendant RKR Enterprises") materially breached the collective bargaining agreement and various Trust Agreements created thereunder (collectively, the "Master Agreement").  Plaintiffs claimed that Defendant RKR Enterprises failed to submit monthly contribution reports and full payments due on said reports pursuant to the terms of the Bargaining Agreement, all notwithstanding demand by Plaintiffs.

Plaintiffs allege Defendant Robert Allan Schick ("Defendant Schick) should be held liable for all judgments entered against Defendant RKR Enterprises because he was a member or officer of Defendant RKR Enterprises and the alter ego and/or mere instrumentality of Defendant RKR Enterprises.  Additionally, Plaintiffs assert a claim for breach of fiduciary duty against Defendant RKR Enterprises, alleging that he is a fiduciary under ERISA because he exercised authority or control respecting management or disposition of plan assets.  Plaintiffs allege that Defendant Schick breached his fiduciary duties by intentionally failing to report and/or pay the required contributions.  Plaintiffs ask for a monetary award against Defendants and the imposition of a constructive trust on the assets of Defendants.

The action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f).

On December 18, 2014, Defendant RKR Enterprises was served , as evidenced by the Proof of Service filed on January 9, 2015. (Doc. 8).

On December 18, 2014, Defendant Schick was served, as evidenced by the Proof of Service filed on January 9, 2015. (Doc. 7).

On January 28, 2015, Plaintiffs filed a Request for Entry of Default Against Defendants RKR Enterprises and Robert Allan Schick. On January 29, 2015, default entered against Defendants for failure to plead or otherwise defend itself as required by law.

On February 28, 2015, Defendant Robert Allan Schick died. A probate estate was opened for the Estate of Robert Allan Schick in the Circuit Court of the Second Circuit, State of Hawaii, P. No. 15-1-0067(2), wherein Kayla Schick was appointed as Personal Representative of the Estate.

On September 29, 2015, Plaintiffs filed a First Amended Complaint, naming ESTATE OF ROBERT ALLAN SCHICK, DECEASED as Defendant in place of Robert Allan Schick. (Doc. 18).

On November 2, 2015, Defendant ESTATE OF ROBERT ALLAN SCHICK, DECEASED was served, as evidenced by the Acknowledgment and Acceptance of Service filed on November 5, 2015.  (Doc. 21).

On June 15, 2015, Plaintiffs filed a Request for Entry of Default Against Defendant ESTATE OF ROBERT ALLAN SCHICK, and on June 15, 2015, default was entered against the ESTATE OF ROBERT ALLAN SCHICK.

On January 4, 2017, Plaintiffs filed a Motion for Entry of Partial Default Judgment ("Motion") seeking an award of the sum of $**84,589.62**, representing contribution amounts of $**66,291.91**, liquidated damages of $**7,674.48**, and attorneys' fees and costs of $**10,623.23**.

Plaintiffs' Motion for Entry of Partial Default Judgment was accompanied by the Declaration of Travis Umemoto in support of the damages sought by Plaintiffs.  The Declaration of Christin D. Wehrsig also accompanied the Motion for Entry of Partial Default Judgment in support of attorneys' fees and costs.

The Motion was heard on April 17, 2017 with an appearance by Christin D. W. Kawada, formerly known as Christin D. Wehrsig, on behalf of Plaintiffs, and no other party making an appearance.

## **DISCUSSION**

Having reviewed the Motion, the declarations, exhibits, and the record established in this action, the Court finds and recommends as follows:

1. On October 28, 2013, Defendant RKR Enterprises, Inc. dba Electrical Solutions agreed to abide by all terms and conditions of two collective bargaining agreements known as the Inside Agreement and the Outside Agreement executed by and between Local Union No. 1186 of the International Brotherhood of Electrical Workers (IBEW), AFL-CIO ("Union") and the Electrical Contractors Association of Hawaii ("ECAH") (collectively referred to as the "Master Agreement") and the various Declaration of Trust agreements incorporated by reference.

2. The Trust Funds are a third party beneficiary of the Master Agreement.

3. Each of the Trust Funds was and is an express trust created by a written trust agreement subject and pursuant to 29 U.S.C. § 186 and a multiemployer plan within the meaning of 29 U.S.C. § 1002 and 1003.

4. Defendant RKR Enterprises must contribute to the Trust Funds by the first working day of each succeeding month sums of money to be held in trust by Plaintiffs as employee benefits for RKR Enterprises' employees. Those contributions are calculated by multiplying the hours worked the previous month by RKR Enterprises' employees by the applicable contribution rates specified in the Master Agreement.

5. Under the Master Agreement, Defendant RKR Enterprises promised that if any contributions were past due, RKR Enterprises would pay liquidated damages in the amount of 10% of the delinquent contributions due to each respective fund or $20.00, whichever is greater, for each and every month that such contributions are delinquent.

6. Also under the Master Agreement, Defendant RKR Enterprises promised that if the Trust Funds brought legal action to enforce the Master Agreement against RKR Enterprises, RKR Enterprises would pay for all court costs and reasonable attorneys' fees of 25% of the total amount of contributions and damages due.

7. Defendant RKR Enterprises breached the Master Agreement and is liable to the Plaintiffs by its continuous failure to perform the terms of the Agreements, including: 1) failure to pay the full contribution amounts for the period of March 2014, April 2014, May 2014 and June 2014; 2) failure to pay the

Plaintiffs additional liquidated damages on late paid report contributions; and 3) failure to pay the Plaintiffs their reasonable attorneys' fees and costs incurred in enforcing the terms of the Bargaining Agreements.

8. Defendant Schick was the alter ego and/or mere instrumentality of Defendant RKR Enterprises, and as such, Defendant ESTATE OF ROBERT ALLAN SCHICK, DECEASED is liable for all judgments entered into against Defendant RKR Enterprises.

9. Defendant Schick was a fiduciary under ERISA because he exercised authority or control respecting management or disposition of plan assets.

10. Defendant Schick breached his fiduciary duty by intentionally failing to report and/or pay the required contributions, and as such, Defendant ESTATE OF ROBERT ALLAN SCHICK, DECEASED is liable for all judgments entered into against Defendant RKR Enterprises.

11. Defendants have not sought to set aside the default in this action.

12. Plaintiffs reasonably incurred $8,750.83 in attorneys' fees and tax. Reductions to the requested fee amount are necessary for duplication, insufficient descriptions, clerical work, excessiveness and block billing.  The following hourly rates are reasonable:  Jared Kawashima - $350.00, Christin Kawada - $150.00, Marissa Machida - $160.00, and Michele Sauer - $85.00.

13. The Court finds that the total costs in the amount of $848.63 are

Case 1:14-cv-00556-LEK-KSC   Document 49   Filed 07/14/17   Page 10 of 11
                                    PageID.321

reasonable.

14.     Thus, there is known to be due, owing and unpaid to the Plaintiffs from Defendants:

1. Contributions
   (March 2014, April 2014, May 2014 and June 2014).  **$66,291.91**
2. Liquidated Damages……………………………  **$ 7,674.48**
3. Legal Fees ………………………………………...  **$ 8,750.83**
4. Costs …………………………………………….  **$   848.63**
                                TOTAL ……………..  **$83,565.85**

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that Default Judgment be granted in favor of TRUSTEES of the HAWAII ELECTRICIANS ANNUITY FUND; HEALTH AND WELFARE FUND; PENSION FUND; TRAINING FUND; SUPPLEMENTARY UNEMPLOYMENT BENEFITS FUND; VACATION AND HOLIDAY FUND; PREPAID LEGAL FUND; MARKET ENHANCEMENT PROGRAM FUND for a money judgment including contribution amounts, attorneys' fees, and costs, against Defendants RKR ENTERPRISES, INC. dba ELECTRICAL SOLUTIONS and ESTATE OF ROBERT ALLAN SCHICK, DECEASED in the amount of $83,565.85.

DATED: Honolulu, Hawaii, July 14, 2017.

IT IS SO FOUND AND RECOMMENDED.



_____
Kevin S.C. Chang
United States Magistrate Judge

---

HAWAII ELECTRICIANS ANNUITY FUND, by its Trustees, Ronald Yee, Robert Hanamoto, Jody Hanamoto, Tracy Hayashi, Damien T. K. Kim, Peter Akamu, et al. v. RKR ENTERPRISES, INC., a Hawaii corporation, dba ELECTRICAL SOLUTIONS, et al., United States District Court, District of Hawaii, Civ. No. 14-00556 LEK-KSC; *FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS RKR ENTERPRISES, INC. DBA ELECTRICAL SOLUTIONS AND ESTATE OF ROBERT ALLAN SCHICK, DECEASED*